UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER LEE JONES,

    Plaintiff,

v.                                                  Case No. 3:21-cv-902-BJD-JBT

UNKNOWN WELGTEN, et al.,

    Defendants.
_____

## ORDER OF DISMISSAL WITHOUT PREJUDICE

Plaintiff, Xavier Lee Jones, an inmate of the Federal Bureau of Prisons, initiated this action pro se by filing a complaint for the violation of civil rights (Doc. 1) based on an incident that occurred when he was housed at Hamilton Correctional Institution Annex (HCI). After initially denying Plaintiff's first and second motions to proceed in forma pauperis, see Orders (Docs. 4, 14), the Court ultimately permitted Plaintiff to proceed as a pauper, because his inmate account was encumbered, making him unable to pay the filing fee, see Order (Doc. 19). The Court also granted Plaintiff's motion to file an amended complaint. See Order (Doc. 19).

On May 2, 2022, the Clerk docketed Plaintiff's amended complaint (Doc. 20; Am. Compl.), which now is before the Court for screening under the Prison Litigation Reform Act (PLRA). In his amended complaint, Plaintiff names four

Defendants, two officers with the Florida Department of Corrections (FDOC), and two individuals who appear to have no affiliation with the FDOC.[1] Am. Compl. at 2-3. Plaintiff alleges "[t]he second [named] [D]efendant" called the prison "to pay officers and inmate[s] to have [Plaintiff] [killed]," and an unknown inmate stabbed him on December 16, 2018.[2] Id. at 4, 5. Plaintiff contends Defendants violated his rights under the First, Fifth, Eighth, and Ninth Amendments. Id. at 3-4. As relief, he seeks damages. Id.

The PLRA requires a district court to dismiss a complaint if the court determines the action is frivolous, malicious, or fails to state a claim on which relief may be granted. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1). With respect to whether a complaint "fails to state a claim on which relief may be granted," the language of the PLRA mirrors the language of Rule 12(b)(6), Federal Rules of Civil Procedure, so courts apply the same standard in both contexts. Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997). See also Alba v. Montford, 517 F.3d 1249, 1252 (11th Cir. 2008).

---

[1] For the two non-officer Defendants, Plaintiff provides an address in Miami, Florida, which an online search shows is a residence. See https://www.google.com/maps (last visited May 6, 2022).

[2] Plaintiff does not specify by name which Defendant allegedly called the prison to arrange for him to be killed. The "second [named] Defendant" is one of the non-FDOC-affiliated individuals. See Am. Compl. at 2.

2

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice. Id. (quoting Twombly, 550 U.S. at 555). Moreover, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." Roe v. Aware Woman Ctr. for Choice, Inc., 253 F.3d 678, 683 (11th Cir. 2001) (quoting In re Plywood Antitrust Litig., 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)). In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding pro se, but need not accept as true legal conclusions. Iqbal, 556 U.S. at 678.

Even under a liberal construction, Plaintiff's complaint is subject to dismissal because he fails to "state a claim to relief that is plausible on its face." See id. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that "a person" acting under the color of state law deprived him of a right secured under the United States Constitution or federal law. See 42 U.S.C. § 1983. First, as the Court previously informed Plaintiff, the Fifth Amendment governs

3

the conduct of federal actors, not state actors. See Order (Doc. 19) (citing Buxton v. City of Plant City, Fla., 871 F.2d 1037, 1041 (11th Cir. 1989)).

Second, the Ninth Amendment provides, "The enumeration in the Constitution of certain rights, shall not be construed to deny or disparage others retained by the people." U.S. Const. amend. IX. This amendment is "merely a rule of construction"; it does not confer any specific right that would give rise to a constitutional claim. See Charles v. Brown, 495 F. Supp. 862, 864 (N.D. Ala. 1980). See also Strandberg v. City of Helena, 791 F.2d 744, 748 (9th Cir. 1986) ("[T]he ninth amendment has never been recognized as independently securing any constitutional right, for purposes of pursuing a civil rights claim.").

Third, Plaintiff alleges no facts that would implicate the First Amendment. For instance, he does not allege any named Defendant retaliated against him or interfered with his access to the courts.

Finally, while prison officials must "take reasonable measures to guarantee the safety of the inmates," they are not constitutionally liable for every inmate-on-inmate attack. Farmer v. Brennan, 511 U.S. 825, 832, 834 (1994). With respect to the two non-officer Defendants, Plaintiff alleges no facts showing they are state actors. And, accepting as true that an unknown inmate stabbed Plaintiff at HCI, see Am. Compl. at 5, Plaintiff does not allege facts

permitting the reasonable inference the two FDOC-affiliated Defendants knew Plaintiff was at risk of harm but responded to the risk in an objectively unreasonable manner, see Farmer, 511 U.S. at 844-45, 847. Notably, the Defendant Plaintiff alleges paid officers or inmates to have Plaintiff killed is one of the non-FDOC Defendants. See Am. Compl. at 2, 4. For these reasons, Plaintiff fails to state a plausible claim under the Eighth Amendment, and his amended complaint is due to be dismissed.

Accordingly, it is

**ORDERED:**

1. This case is **DISMISSED without prejudice**.

2. The **Clerk** shall enter judgment dismissing this case without prejudice, terminate any pending motions, and close the file.

**DONE AND ORDERED** at Jacksonville, Florida, this 9th day of May 2022.

*[signature: Brian J. Davis]*

BRIAN J. DAVIS
United States District Judge

Jax-6
c:
Xavier Lee Jones