UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER LEE JONES,

    Plaintiff,

v.                                                Case No. 3:21-cv-902-BJD-JBT

UNKNOWN WELGTEN, et al.,

    Defendants.
_____

# ORDER

This cause is before the Court on limited remand from the Eleventh Circuit Court of Appeals (USCA) to determine whether the appellant/plaintiff, Xavier Lee Jones, a federal inmate proceeding *pro se*, is entitled to have the time to file an appeal reopened under Federal Rule of Appellate Procedure 4(a)(6). *See* Order of USCA (Doc. 36).

Exercising its screening authority under the Prison Litigation Reform Act, this Court dismissed this case without prejudice on May 9, 2022, for Jones's failure to state a plausible claim for relief against the named Defendants (two "unknown" residents of Miami, Florida and two officers employed by the Florida Department of Corrections). *See* Order (Doc. 22). The Clerk entered judgment on May 10, 2022. *See* Judgment (Doc. 23). Jones timely

filed a motion for reconsideration (Doc. 24),[1] which the Court denied on July 8, 2022. *See* Order (Doc. 25).

Generally, a notice of appeal must be filed within thirty days of entry of judgment. *See* Fed. R. App. P. 4(a)(1)(A). However, certain post-judgment motions will toll the time to file a notice of appeal, including a timely filed "motion for relief under Rule 60." *See* Fed. R. App. P. 4(a)(4) (providing that the time to file a notice of appeal is to be calculated from the date on which the court disposes of certain post-judgment motions, including those timely filed under Federal Rules of Civil Procedure 59 and 60). *See also* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.4 (5th ed. 2022) ("[O]nce the district court . . . [rules] on [a] tolling motion, the appeal period begins anew, calculated from the date of entry of the district court's order."). Without the benefit of Rule 4(a)(6), Jones's time to file a notice of appeal expired on August 8, 2022.[2]

Jones submitted his notice of appeal for mailing on October 5, 2022. *See* Doc. 26 at 4.[3] In the notice, Jones contends he "never receive[d] any

---

[1] Jones submitted the motion for reconsideration for mailing on May 24, 2022, *see* Doc. 24-1, but the Court did not receive it until July 5, 2022, *see* Doc. 24.

[2] The thirtieth day, August 7, 2022, was a Sunday.

[3] Jones dated the notice October 3, 2022, but the prison stamp shows it was submitted for mailing on October 5, 2022. *See* Doc. 26 at 1, 4.

documentation of a dismissal to the conspire facility retaliation to unbelievable incident reports and conflict with cellmate of legal material throw away [sic] ...." Doc. 26 at 1. This statement is exceedingly unclear, but a liberal construction suggests Jones may not have received some of the mail sent from the Court.

Rule 4(a)(6) of the Federal Rules of Appellate Procedure provides that the district court may reopen the time to file an appeal for a period of fourteen days only if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed[4] within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
> (C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). *See also Vencor Hosps., Inc. v. Standard Life & Acc. Ins. Co.*, 279 F.3d 1306, 1309 (11th Cir. 2002) ("By providing a limited opportunity to reopen the time for appeal, Rule 4(a)(6) balances the inequity of foreclosing

---

[4] It appears the USCA liberally construes Jones's notice of appeal to mean he is appealing both the final judgment (Doc. 23) and the order denying his motion for reconsideration (Doc. 25). *See* Doc. 36.

appeals by parties who do not receive actual notice of a dispositive order against the need to protect the finality of judgments."). Given no Defendant ever was served or appeared in this case, no party would be prejudiced by Jones receiving the benefit of Rule 4(a)(6). And Jones's October 3, 2022 notice of appeal was filed within the outer limit (180 days) set forth under Rule 4(a)(6)(B). Thus, the question on remand is whether Jones "did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21 days after entry."

The docket reflects that copies of the dismissal order and judgment were mailed to Jones on May 10, 2022, and a copy of the July 8, 2022 order denying his motion for reconsideration was mailed to him on July 11, 2022. *See* Docket. The mailings were not returned as undeliverable. *See id.* However, it appears Jones implies he did not receive one or both mailings, possibly because his legal materials were destroyed. *See* Doc. 26. In his motion for reconsideration (Doc. 24), Jones references the Court's May 9, 2022 order and asks for time to "fix … the mistakes" he made in his complaint, as pointed out by the Court. Thus, it is evident he received the first mailing, which contained both the dismissal order and the judgment. *See* Docket. Accordingly, the sole question is if and when Jones received notice under Rule 77(d) of the Court's July 8, 2022 order denying his motion for reconsideration (Doc. 25).

4

To answer this question and to comply with the Eleventh Circuit's remand order, the Court requires additional information.

Therefore, it is

**ORDERED:**

1. By **December 23, 2022**, Jones must submit a declaration, signed under penalty of perjury and dated, explaining how he learned of the Court's July 8, 2022 order denying his motion for reconsideration (Doc. 25) **and** whether and **when** he received notice of the order (Doc. 25) by mail from the Clerk's office. In submitting the signed declaration, Jones is reminded of Rule 11, which provides that by signing papers or motions filed with the Court, a *pro se* party "certifies that to the best of [his] knowledge, information, and belief . . . [the filing] is not being presented for any improper purpose . . . the factual contentions have evidentiary support . . . and denials of factual contentions are warranted on the evidence or . . . are reasonably based on belief or a lack of information." Fed. R. Civ. P. 11(b).

2. By **December 23, 2022**, the Warden of Jones's federal penitentiary (or another appropriate prison official) must mail to the Clerk of Court a copy of the prison's incoming mail log(s) for the months of **May through October 2022**, showing any mail inmate **Xavier Lee Jones** (Register Number 06858-104) received from this Court **or** an institutional

5

statement certifying such documentation does not exist and why it does not exist.

3. **All documents sent to the Clerk in response to this Order must include this case number: 3:21-cv-902-BJD-JBT.**

4. The Court directs the **Clerk** to send Jones and the Warden of his institution a copy of this Order and the USCA's remand order (Doc. 36).

**DONE AND ORDERED** at Jacksonville, Florida, this 23rd day of November 2022.

_____
BRIAN J. DAVIS
United States District Judge

Jax-6
c:   Xavier Lee Jones

   Warden, USP Thomson (by email and mail)
   U.S. Penitentiary
   P.O. Box 1001
   Thomson, IL 61285
   TOM-ExecAssistant@bop.gov