UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

XAVIER LEE JONES,

        Plaintiff,

v.                                              Case No. 3:21-cv-902-BJD-JBT

UNKNOWN WELGTEN, et al.,

        Defendants.

_____

**ORDER**

This cause is before the Court on limited remand from the Eleventh Circuit Court of Appeals (USCA) to determine whether the appellant/plaintiff, Xavier Lee Jones, who is proceeding *pro se*, is entitled to have the time to file an appeal reopened under Federal Rule of Appellate Procedure 4(a)(6). *See* Order of USCA (Doc. 36). This Court dismissed Jones's civil rights complaint under the Prison Litigation Reform Act on May 9, 2022 (Doc. 22), and the Clerk entered judgment the next day (Doc. 23). By mail dated May 24, 2022, Jones filed a document titled, "Motion for Reconsideration" (Doc. 24), which, given the timing and the lack of clarity in the motion, the Court understood to be Rule 60 motion for relief from judgment. The Court denied Jones's motion on July 8, 2022. *See* Order (Doc. 25). Jones filed nothing further until October 5, 2022, when he sought to appeal the Court's final judgment (Doc. 26). In his

notice of appeal (Doc. 26), Jones stated he did not "receive any documentation of a dismissal."

In response to the USCA's remand order, the Court directed (1) Jones to submit a declaration explaining how and when he learned of the Court's order denying his motion for reconsideration—it appeared he had received a copy of the Court's dismissal order and judgment—and (2) the warden of Jones's correctional institution to provide mail logs. *See* Order (Doc. 37). The warden responded, but Jones did not. The mail logs (Doc. 38) show that Jones received the Clerk's mailing containing the Court's order denying his motion for reconsideration on July 13, 2022. *See* Doc. 38 at 15-16. However, according to the mail logs, no legal mail from this Court to Jones was logged as having been received in May or June 2022. *See id.* at 1-14. The Clerk mailed Jones copies of the order and judgment on May 10, 2022, and that mailing was not returned as undeliverable. *See* docket. After a review of the mail logs, the Court gave Jones a second opportunity to explain whether and when he received notice of the entry of the Court's judgment. *See* Order (Doc. 29). Again, Jones did not respond.

Generally, in a civil rights case such as this, a party has 30 days to appeal an unfavorable judgment. *See* Fed. R. App. P. 4(a)(1)(A). If, however, a party timely files a motion for relief from judgment under Rule 60, the 30-day appeal

2

period runs from "the entry of the order disposing of the . . . motion," *see* Fed. R. App. P. 4(a)(4)(A), essentially tolling the appeal time, *see* 16A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3950.4 (5th ed. 2022) ("[O]nce the district court . . . [rules] on [a] tolling motion, the appeal period begins anew, calculated from the date of entry of the district court's order."). Jones filed what the Court believed to be a Rule 60 motion for relief from judgment—which would have tolled the appeal time—but what actually was a motion seeking reconsideration of an order to amend (Doc. 19)—which would not have tolled the appeal time. *See id.* Thus, Jones's time to file an appeal expired on June 9, 2022.[1]

Rule 4(a)(6) affords a district court discretion to reopen the time to file an appeal for fourteen days if the following conditions are satisfied:

> (A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d)[2] of the entry of the judgment or order sought to be appealed within 21 days after entry;
>
> (B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after

---

[1] Even if Jones's motion (Doc. 24) would have tolled the appeal time under Rule 4(a)(4)(A), his deadline to file a notice of appeal would have been August 8, 2022, and his October 5, 2022 notice of appeal still would have been late.

[2] Rule 77(d) provides, "Immediately after entering an order or judgment, the clerk must serve notice of the entry, as provided in Rule 5(b)," which, as relevant here, provides service is accomplished by "mailing [the order or judgment] to the person's last known address."

3

>the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and
>
>(C) the court finds that no party would be prejudiced.

Fed. R. App. P. 4(a)(6). "The burden of proving non-receipt . . . of notice is on the party seeking to reopen the time for appeal under Rule 4(a)(6)." *McDaniel v. Moore*, 292 F.3d 1304, 1307 (11th Cir. 2002). The decision to reopen the appeal time lies within a district court's discretion. *See* Fed. R. App. P. 4(a)(6) (using the word "may"); *see also Watkins v. One Unknown U.S. Post Off. Emp.*, 684 F. App'x 945, 946 (11th Cir. 2017) ("The preconditions—if satisfied—merely authorize the court to exercise its discretion; they do not require that the court do so.").[3]

In his October 5, 2022 notice of appeal (Doc. 26), Jones says he seeks to appeal the Court's final judgment, which was entered on May 10, 2022 (Doc. 23). The Clerk mailed the judgment to him in accordance with Rule 77(d) the day it was entered. Even though Jones, who carries the burden to show non-receipt of that mailing, has not responded to the Court's orders (Docs. 37, 39), the prison mail logs, which presumably are the best indicator of whether Jones received the Clerk's May 10, 2022 mailing, show Jones did not receive formal

---

[3] Any unpublished decisions cited in this order are deemed persuasive authority on the relevant point of law. *See McNamara v. Gov't Emps. Ins. Co.*, 30 F.4th 1055, 1061 (11th Cir. 2022).

notice of the entry of the judgment within 21 days of its entry. Thus, the first precondition of section 4(a)(6) is satisfied. The second precondition is also satisfied because Jones filed his construed motion to reopen the appeal time within 180 days of the entry of the judgment.[4] Finally, as previously noted, *see* Order (Doc. 37), no party would be prejudiced if the appeal period were to be reopened. Accordingly, in response to the Eleventh Circuit's directive, this Court finds that reopening the appeal period under Rule 4(a)(6) is warranted.

The **Clerk** shall return the case to the Eleventh Circuit, as supplemented, for further proceedings.

**DONE AND ORDERED** at Jacksonville, Florida, this 16th day of February 2023.

*/s/ Brian J. Davis*
BRIAN J. DAVIS
United States District Judge

---

[4] The Court's order denying Jones's motion for reconsideration, which, according to the prison mail logs, Jones received on July 13, 2022, *see* Doc. 38 at 15, would not constitute "notice" of the entry of the judgment under Rule 4(a)(6)(B). The Advisory Committee Note to the 2005 amendment provides, "only formal notice of the entry of a judgment or order under Civil Rule 77(d) will trigger the [14]-day period" under Rule 4(a)(6)(B). *See also Phillips v. Sec'y, Fla. Dep't of Corr.*, 777 F. App'x 355, 359 (11th Cir. 2019) ("[A]n ancillary order from the district court that mentions a prior ruling does not constitute formal 'notice under [Rule 77(d)] of the entry of the judgment . . . sought to be appealed.'").

Jax-6 2/16
c:
Xavier Lee Jones